

# The Attorney General of Texas

December 28, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Lee Drain, Chairman
Texas State University System
505 Sam Houston Building
Austin, Texas 78701

Opinion No. H-1312

Re: Whether a Board of Regents may determine that the expenditure of University auxiliary funds for food and refreshments under certain conditions is a lawful public purpose.

Dear Mr. Drain:

You have requested our opinion regarding the authority of a board of regents to determine that the expenditure of University auxiliary and other funds for food and refreshments serves a lawful public purpose. You state that the Board of Regents of the Texas State University System has recently promulgated the following order:

> The Board of Regents determines that the expenditures of auxiliary funds for the purchase of food and refreshments under the provisions set forth in the Body assists the Universities under its control in carrying out their educational functions, serves to promote education in the State of Texas, and provides an important public purpose; and, accordingly, authorizes each University in this system to use auxiliary funds for the purchase of food and refreshments in accordance with the provisions set forth in the Body.

Body:

Auxiliary funds may be used to purchase food and refreshments at each university in this system under the following provisions:

1. Auxiliary funds received by student organizations may be used for the purchase of food and refreshments if the appropriate responsible account manager and the faculty or staff advisor determine and certify that such purchase serves a legitimate public purpose and furthers the educational function of the university.

p. 5164

2. Funds received as registration fees for continuing education conferences, seminars, and short courses may be used for the purchase of food and refreshments if provisions therefor have been included in the registration fees, and if the appropriate responsible account manager therefor determines and certifies that such purchases serves a legitimate public purpose and furthers the educational function of the university.

3. Student service fees, receipts from university concessions, and other auxiliary funds may be used for the purchase of food and refreshments to the extent that such funds have been budgeted therefor, if the appropriate responsible account manager determines and certifies that such purchase serves a legitimate public purpose and furthers the educational function of the university.

4. Other locally-generated income and auxiliary funds not restricted to Administrative, Education and General Research, Plant Expansion, Loan, Endowment, or Scholarship programs may be used for the purchase of food and refreshments if the appropriate responsible account manager and the President of the university, or his designee, determine that such purchase serves a legitimate public purpose and furthers the educational function of the university.

Article 3, section 51 of the Texas Constitution prohibits the grant of public funds "to any individual, association of individuals, municipal or other corporations whatsoever. . . ." It is of course well established that article 3, section 51 is not contravened so long as the expenditure is made for a proper public purpose. See Bullock v. Calvert, 480 S.W.2d 367 (Tex. 1972); State v. City of Austin, 331 S.W.2d 737 (Tex. 1960). You ask whether, in light of article 3, section 51, the Board of Regents may validly promulgate such an order.

Section 95.01 of the Education Code vests

> [the] organization, control, and management of the state university system . . . in the Board of Regents, Texas State University System.

Among other responsibilities conferred on the board by statute is the duty to "purchase . . . necessary supplies." Section 95.21, Education Code. In our opinion, the legislature, in delegating such duties to the board, authorized it to determine whether any particular expenditure constitutes a valid public purpose. See Attorney General Opinions H-403, H-257 (1974). Of course, there may be other statutory restrictions on certain of the funds described in the board's order, in particular student services fees, section 54.503(e), Education Code, and as to such funds, the board must observe the limitations imposed by the relevant statute. See Letter Advisory No. 50 (1973).

But although the Board of Regents is itself empowered to determine whether the expenditure of university auxiliary funds serves a valid public purpose, it does not follow that it may delegate its authority to make that determination to a "responsible account manager" or to a "faculty or staff advisor." In Attorney General Opinion H-884 (1976), we held that the Railroad Commission was not authorized by rule to delegate to one of its division directors unlimited discretionary authority in matters involving expedited processing or uncontested proceedings. The power to delegate authority, we said,

> is the kind of power that the Legislature must expressly give
> the Railroad Commission, and . . . Texas courts would not find
> it to exist by implication.

Id. It is therefore our opinion that, while the Board of Regents of the Texas State University System may itself determine whether a particular expenditure of university funds constitutes a valid public purpose, it may not by rule delegate that determination to any other person. Of course, it may delegate the authority to determine if specific expenditures fall within objective guidelines established by the board.

## SUMMARY

Although the Board of Regents of the Texas State University System may itself determine whether a particular expenditure of university funds constitutes a valid public purpose, it may not by rule delegate that determination to any other person. It may delegate the authority to determine if specific expenditures fall within objective guidelines established by the board.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn